IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| EDITH SIMMONS, ET AL. | § | |
| Vs. | § | CIVIL ACTION NO. 2:05-CV-169 |
| 22 ACQUISITION CORP., ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

### I.      Background

Plaintiffs Edith Simmons (individually and on behalf of the Estate of Velma Cherry) and

Brenson Cherry (hereinafter "Plaintiffs") filed suit against 22 Acquisition Corp., d/b/a/ Merritt

Plaza Rehabilitation and Living Center; John McDonald, D.O.; Hospice of East Texas; Roy

Freebourn; Donald J. McKay; Total Healthcare Consultants of Texas, L.L.C.; Steven Fishman;

ZA Consulting, L.L.C.; and GE HFS Holdings, Inc. (hereinafter "Defendants").  The Plaintiffs

seek damages resulting from the alleged negligent treatment and care received by Velma Cherry

before her death on December 22, 2002, while she was a resident of Merritt Plaza Rehabilitation

and Living Center.  22 Acquisition Corp., d/b/a Merritt Plaza Rehabilitation and Living Center,

filed for Chapter 11 protection under the United States Bankruptcy Code on November 28, 2001.

The Plaintiffs allege GE HFS Holdings, Inc., (hereinafter "GE") is directly and vicariously

responsible for the mismanagement of Merritt Plaza Rehabilitation and Living Center because

GE was a financier of Merritt Plaza Rehabilitation and Living Center and actively participated in

the day to day decisions regarding the management responsible for Ms. Cherry's treatment and

care.  GE moves this Court to dismiss the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1]  After carefully considering the parties' assertions and the documents filed in support, the Court denies GE's motion.

## II.      Discussion

In considering a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), courts have found dismissal pursuant to this provision "is viewed with disfavor and is rarely granted."  *Lowery v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "The complaint must be liberally construed in favor of the plaintiff and all facts pleaded in the original complaint must be taken as true."  *Id.*  A district court may not dismiss a complaint under Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would enable him to relief."  *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957*)*.  In discussing this standard for dismissal, the Fifth Circuit has stated:  "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."  *Id.* (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1357, at 601 (1969)).  "In other words, a motion to dismiss an

---

[1]Fed. R. Civ. P. 12(b)(6) states:

(b) How Presented.  Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

(6) failure to state a claim upon which relief can be granted

action for failure to state a claim 'admits the facts alleged in the complaint, but challenges the plaintiff's rights to relief based upon those facts.'" *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir.1992)).  Furthermore, "when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory."  *Id.* at 161-62.

> A.   Discharge of Claims Against 22 Acquisition Corp. In Bankruptcy Court

GE first argues that it cannot be vicariously or derivatively liable for the acts of 22 Acquisition Corp. because the Plaintiffs did not file their claims against 22 Acquisition Corp. before the date set by the Bankruptcy Court of the Eastern District of Pennsylvania (hereinafter "Bankruptcy Court") barring unfiled tort claims.  According to GE, the Bankruptcy Court "forever barred and disallowed" in its Disclosure Statement Order any tort claims against 22 Acquisition Corp. filed after July 16, 2004, that related to personal injury and wrongful death arising on or after the November 28, 2001, filing of 22 Acquisition Corp.'s bankruptcy.  Because the Plaintiffs did not file their tort claims against 22 Acquisition Corp. in the Bankruptcy Court by the July 16, 2004, deadline, GE argues that the Plaintiffs' claims against it are barred as a matter of law since an alleged principal may only be held vicariously liable if the alleged agent is also held liable.  GE cites *Crooks v. Moses*, 138 S.W.3d 629, 637-38 (Tex. App.–Dallas 2004, no

pet.),[2] and *Crawford v. Signet Bank*, 179 F.3d 926, 929 (D.C. Cir. 1999),[3] in support of its

argument.

GE's argument that the Bankruptcy Court's barring of potential tort claims against 22

Acquisition Corp. also barred potential tort claims against GE is misplaced.  "Section 524 [of the

Bankruptcy Code]  prohibits the discharge of debts of nondebtors."[4]  *In re Zale Corp.*, 62 F.3d

746, 760 (5th Cir. 1995).  In addition, "[a] discharge in bankruptcy does not extinguish the debt

itself, but merely releases the debtor from personal liability for the debt.  Section 524(e) specifies

that the debt still exists and can be collected from any other entity that might be liable."  *In re*

*Edgeworth*, 993 F.2d 51, 53 (5th Cir. 1993).  GE was not a debtor in the 22 Acquisition

Bankruptcy and thus any potential claims against GE for injuries to Ms. Cherry from the alleged

mismanagement of Merritt Plaza Rehabilitation and Living Center were not discharged.  The

cases cited by GE do not accurately state the law regarding nondebtor liability for debtor debts in

bankruptcy.  Instead, they only restate the general legal proposition that a plaintiff must first

establish direct liability of an agent in order for a principal to be held vicariously liable.  While

GE emphasizes that the Plaintiffs  never filed a claim in the 22 Acquisition Corp. bankruptcy

---

[2]GE cites *Crooks v. Moses* for the following proposition:  "For [vicarious liability] to be applicable in this context, the alleged tortfeasor must, in fact, be liable for damages.  In other words, if the alleged tortfeasor is not liable as a matter of law, then determination of agency and vicarious liability issues are never reached."  138 S.W.3d at 638.

[3]GE cites *Crawford v. Signet Bank* for the following proposition:  "'Vicarious liability is not an independent cause of action, but rather is a legal concept used to transfer liability from an agent to a principal at trial.'  In the absence of agent liability, therefore, none can attach to the principal."  179 F.3d at 929 (citation omitted).

[4]11 U.S.C. § 524(e) states:  "Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."  Subsection (a)(3) does not apply in the present case.

proceeding and thus allegedly waived their ability to recover from 22 Acquisition Corp., "a

plaintiff's failure to file in the bankruptcy proceeding should not impair the right to file suit

against another party who may be liable on the debt."  *Id.* at 55.

GE also argues that the Exculpation Clause in the Plan of Reorganization of 22

Acquisition Corp. barred and disallowed all potential claims against GE.  The Exculpation

Clause states:

> F.    Exculpation.  To the fullest extent permitted by applicable law, neither the
> Debtor, the Disbursing Agent, GEHFS, the Creditors Committee, nor any of their
> respective members, present or former officers, directors, employees, agents or
> professionals shall have or incur any liability to any holder of any Claim or Equity
> Interest for any act or omission in connection with, or arising out of, the
> Bankruptcy Cases, the confirmation of the Plan, the consummation of the Plan, or
> the administration of the Plan or property to be distributed under the Plan, except
> for willful misconduct or gross negligence.  Nothing in this Section 10.F. shall be
> construed or applied to violate applicable law.

GE's argument that the Exculpation Clause also bars the Plaintiffs' claims against GE is

also rejected.  GE admits it was a primary secured creditor of 22  Acquisition Corp. before the

bankruptcy and was a proponent of the First Modified Plan of Reorganization of 22 Acquisition

Corp.  The Exculpation Clause only releases GE from any potential liability for its actions in

connection with 22 Acquisition Corp.'s bankruptcy.  The Plaintiffs' claims do not arise from

"any act or omission in connection with, or arising out of, the Bankruptcy Cases, the

confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or

property to be distributed under the Plan."  Since the Plaintiffs' claims arise from GE's alleged

actions in managing Merritt Plaza Rehabilitation and Living Center, the Exculpation Clause does

not apply.  Furthermore, the Bankruptcy Court stated that nothing in the Exculpation Clause

"shall be construed or applied to violate applicable law."  As previously stated, "Section 524 [of

the Bankruptcy Code]  prohibits the discharge of debts of nondebtors." *In re Zale Corp.*, 62 F.3d

at 760.  Therefore, the Exculpation Clause does not release GE from any potential liability in

regards to its alleged management of Merritt Plaza Rehabilitation and Living Center.  GE's

argument is without merit.

     B.    <u>Statue of Limitations</u>

     GE asserts that the Plaintiffs filed their Complaint after the applicable statute of

limitations had run and therefore all claims against GE are barred.  The Plaintiffs filed their

Second Amended Petition naming GE as a defendant on March 4, 2005.[5]  The parties agree that

the claims asserted are "health care liability claims" under the Medical Liability and Insurance

Improvement Act ("MLIIA")[6] and that the statute of limitations under the MLIIA is determined

from one of three dates:  (1) the occurrence of the breach or tort, (2) the last date of the relevant

course of treatment, or (3) the last date of the relevant hospitalization.[7]  The parties also agree

---

[5]It appears that Plaintiffs mailed their Second Amended Petition by first class mail on March 4, 2005, and the Second Amended Petition was filed-marked by the Harrison County Clerk's Office on March 9, 2005.  Since the Plaintiffs mailed their Second Amended Petition by first class mail and the Harrison County Clerk's Office received the Second Amended Petition within 10 days of mailing, the Plaintiffs' Second Amended Petition is deemed to have been filed on March 4, 2005.  Tex. R. Civ. P. 5.

[6]TEX. REV. CIV. STAT. art. 4590i (2003), *repealed by* Act of June 2, 2003, 78th Leg., R.S., Ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884.  The Medical Liability and Insurance Improvement Act applied to health care liability claims filed prior to September 1, 2003.  The Plaintiffs filed suit on August 26, 2003.  The current version of the statute is found at TEX. CIV. PRAC. & REM. CODE § 74.251.

[7]The MLIIA states:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed . . . .

that the MLIIA statute of limitations is tolled for 75 days from the date a party gives notice of his

or her claim to a health care provider before the expiration of the two-year limitation period.[8]

TEX. REV. CIV. STAT. art. 4590i, § 4.01(c), *repealed by* Act of June 2, 2003, 78th Leg., R.S., Ch.

204, § 10.09, 2003 Tex. Gen. Laws 847, 884.  Since it is undisputed that the MLIIA statute of

limitations was tolled for 75 days, this Court must determine the day on which the statute of

limitations expired.

GE argues that Ms. Cherry's last day of hospitalization was November 23, 2002, when

GE alleges she left Merritt Plaza Rehabilitation and Living Center for hospice care.  If Ms.

Cherry's last date of hospitalization was November 22, 2002, then the statute of limitations

expired on February 6, 2005.  The Plaintiffs claim in their Third Amended Complaint that Ms.

Cherry was *transferred* to hospice care on November 23, 2002.  However, the Plaintiffs argue in

their Sur-Reply to Defendant GE HFS Holding's Reply in Support of its Rule 12(b)(6) Motion to

Dismiss that Ms. Cherry, although transferred to hospice care, actually never left Merritt Plaza

Rehabilitation and Living Center.  Instead, according to the statements in the sur-reply papers,

she remained in the facility under hospice care until her death on December 22, 2002.  If Ms.

Cherry died in Merritt Plaza Rehabilitation and Living Center on December 22, 2002, then the

MLIIA statute of limitations ran on March 7, 2005.  Because the Plaintiffs filed their Petition

---

Tex. Rev. Civ. Stat. Ann. art. 4590i, § 10.01, *repealed by* Act of June 2, 2003, 78th Leg., R.S.,
Ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884.

[8]GE does not dispute that the Plaintiffs sent a notice letter in compliance with § 4.01(c) to
Defendant 22 Acquisition Corp.  The Texas Supreme Court has held that notice to any potential
health care provider defendant tolls the statute of limitations as to all parties against whom a
health care liability claim is timely asserted.  *De Checa v. Diagnostic Ctr. Hosp., Inc.*, 852
S.W.2d 935, 937-38 (Tex. 1993).

7

against GE on March 4, 2005, they met the statute of limitations deadline if the statute of

limitations did not begin to run until December 22, 2002.  The Plaintiffs' Third Amended

Complaint alleges negligent acts by both Hospice of East Texas and Merritt Plaza Rehabilitation

and Living Center regarding Ms. Cherry's care in the last month of her life.  However, despite

the clear statements in the sur-reply that Ms. Cherry died at Merritt Plaza Rehabilitation and

Living Center on December 22, 2002, the Plaintiffs' Third Amended Complaint is ambiguous on

this point.  Given that it is potentially dispositive, the Court will deny the motion to dismiss on

this ground, but order the Plaintiffs to file a Fourth Amended Complaint clarifying that Ms.

Cherry remained at Merritt Plaza Rehabilitation and Living Center after her transfer to Hospice

care.  Such amendment is due within ten (10) days after the date of entry of this order.

SIGNED this  9th  day of November, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

8